**Roko UJKIC, Petitioner,**

v.

**John ASHCROFT, Attorney General; Carol Jenifer, District Director; Immigration and Naturalization Service, Respondents.**

No. 02–4361.

United States Court of Appeals, Sixth Circuit.

Aug. 18, 2004.

Richard A. Kulics, Birmingham, MI, for Petitioner.

Linda S. Wernery, William C. Peachey, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondents.

Before: KEITH, MARTIN, and ROGERS, Circuit Judges.

## ORDER

Roko Ujkic, an alien currently residing in Michigan, petitions through counsel for review of an order of the Board of Immigration Appeals affirming an immigration judge's decision denying his applications for asylum and withholding of deportation. Counsel for Ujkic did not respond to a request to show cause why oral argument would be necessary in this case, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ujkic was born in Montenegro. Yugoslavia, in 1969. He is ethnically Albanian. He entered this country in 1993 with a false passport, and applied for asylum and withholding of deportation, as well as voluntary departure. A hearing was held before an immigration judge (IJ), at which Ujkic testified that he had been subjected to persecution in Yugoslavia based on his ethnicity. He testified that he had not been able to attend college in Montenegro, but had been accepted at a university in Kosovo. However, he was mistreated there by his Serbian teachers and classmates, causing him to drop out. He was also questioned by the police on two occasions, but not physically abused. He also refused to report for military service, and feared that he would be persecuted if he returned to Yugoslavia because of his refusal. The IJ concluded that Ujkic had established neither past persecution nor a well-founded fear of future persecution and denied the requests for asylum and withholding of deportation, but granted voluntary departure. Ujkic appealed to the Board of Immigration Appeals (BIA). A single member of the BIA issued a short opinion affirming the IJ's decision, agreeing that past persecution had not been established, and noting that the 2001 State Department Country Report for Yugoslavia indicated that Ujkic should have no fear of persecution based on his previous avoidance of military service.

In his brief before this court. Ujkic argues that the BIA denied him due process by failing to issue a more detailed decision, and that his requests for asylum and withholding should have been granted.

Upon review, we conclude that Ujkic's argument that the short order issued by the BIA denied him due process is without merit. We have held that no due process violation occurs even in cases where no opinion at all is issued by the BIA, because the court then reviews the IJ's decision as the final decision of the agency. *Denko v. INS,* 351 F.3d 717, 730 (6th Cir.2003).

█ Ujkic's argument that the decision below was incorrect on the merits is also without merit. An applicant for asylum bears the burden of establishing that he is a refugee, either because he suffered past persecution or because he has a well-founded fear of future persecution. *Mikhailevitch v. INS,* 146 F.3d 384, 389 (6th Cir.1998). Persecution is more than unpleasantness and harassment. *Nelson v. INS,* 232 F.3d 258, 263–64 (1st Cir.2000). The IJ in this case correctly concluded that the treatment Ujkic had received at the university and his questioning on two occasions by the police, without being arrested or physically mistreated, did not rise to the level of persecution. The IJ also correctly noted that the existence of a military draft and punishment for avoiding the draft are not persecution. *Mojsilovic v. INS,* 156 F.3d 743, 747 (7th Cir.1998).

█ In order to reverse the decision that Ujkic has no well-founded fear of future persecution, the evidence would have to be such that a reasonable factfinder would have to conclude that fear of persecution existed. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). On the contrary, in this case it appears that changed conditions negate Ujkic's fear of persecution. *Fergiste v. INS,* 138 F.3d 14, 19 (1st Cir. 1998). The 2001 Country Report for Yugoslavia relied on by the BIA indicates that draft evaders have been granted amnesty and are permitted to travel freely. Therefore, there is no objective basis for Ujkic to fear persecution based on his avoidance of military service.

Finally, because Ujkic failed to demonstrate eligibility for asylum, he also fails to satisfy the more stringent standard for withholding of deportation. *Habtemicael v. Ashcroft,* 360 F.3d 820, 825 (8th Cir. 2004).

For all of the above reasons, the petition for review is denied.